UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Minh Van Nguyen, | Case No. 2:26-cv-00580-CDS-NJK |
| Petitioner | **Order Granting the Petitioner's Amended Petition for Writ of Habeas Corpus and Denying as Moot the Petitioner's Motion for a Temporary Restraining Order** |
| v. | |
| Pam Bondi, et al., | |
| Respondents | [ECF Nos. 9, 11] |

Petitioner Minh Van Nguyen initiated this action on March 4, 2026, by filing a petition for writ of habeas corpus.[1] *See* Pet., ECF No. 1-1; ECF No. 1. On March 26, 2026, he filed a temporary restraining order (TRO) requesting his immediate release. Mot., ECF No. 11. The respondents[2] filed a response. *See* Resp'ts', ECF Nos. 14,[3] 16. Therein, the federal respondents do not oppose the petition on a narrow ground—that is, they do not oppose relief narrowly limited to the issue of the petitioner's "significant likelihood of removal in the reasonably foreseeable future." ECF No. 16 at 1. However, the respondents "expressly reserve all rights to oppose any broader relief and to litigate the issue" of the petitioner's likelihood of removal in a different posture, should the opportunity arise. *Id.* at 2. On April 17, 2026, Nguyen filed a reply. *See* Reply, ECF No. 17. For the reasons explained herein, I grant Nguyen's petition and deny his motion for a TRO.

---

[1] The Clerk of Court will be directed to update the docket to reflect the petitioner's correct name, Minh Van Nguyen.

[2] The named respondents are Pamela Bondi, Attorney General of the United States; Markwayne Mullin, Secretary of the Department of Homeland Security; Todd Lyons, Acting Director of ICE; Michael Bernacke, Field Director, Salt Lake City Field Office of ICE ERO; Kerri Ann Quihuis, Las Vegas ICE Field Office Director; John Mattos, Warden of the Nevada. Because Bondi is no longer the Attorney General, the Clerk of Court is directed to substitute Todd Blanche, Acting Attorney General.

[3] Respondent John Mattos separately filed a response, taking no position on the habeas or bond relief sought. *See* ECF No. 14.

## I.      Background

Nguyen was born in Vietnam during the Vietnam War. ECF No. 9 at 3.[4] In 1990, Nguyen and his mother moved to the United States, and in 1991, Nguyen received his green card and became a lawful permanent resident. *Id.* at 5.

In 2002, ICE took Nguyen into custody, and on April 25, 2002, an Immigration Judge (IJ) ordered him removed. *Id.* at 5. Because ICE was unable to obtain Nguyen's travel document, he was not removed. *Id.*[5] Nguyen remained in ICE custody for a "mandatory 90 days," and was then released under an order of supervision (OSUP), which required him to check in with ICE annually. *Id.*

Nguyen has complied with his OSUP for almost twenty-four years. *Id.* On July 25, 2025, ICE took Nguyen back into custody when he reported for his annual check-in, and he has remained in custody since that time. *Id.* As alleged, ICE has been unable to facilitate his removal to Vietnam. *Id.*[6] It has tried to obtain his travel documents twice—first in August of 2025, then in December of 2025—but both attempts were unsuccessful. *Id.* at 5–6.

## II.     Legal standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges

---

[4] As alleged, Nguyen is likely a U.S. Citizen because his father was an American soldier who died fighting in the Vietnam War. ECF No. 9 at 4.

[5] Nguyen explains that Vietnam has a policy which refuses to repatriate any Vietnamese immigrant who had been ordered removed from the United States. ECF No. 9 at 5.

[6] Nguyen asserts that Vietnam rarely accepts pre-1995 arrivals for repatriation. ECF No. 9 at 5.

to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### III.    Discussion

Nguyen moves for a writ of habeas corpus on the following grounds: (1) Nguyen's continued indefinite detention violates his Fifth Amendment right to due process because his removal is not reasonably foreseeable; (2) Nguyen's continued detention violates the INA, 8 U.S.C. § 1231(a)(6); (3) ICE's failure to comply with its own regulations concerning re-detention of individuals on order of supervision violates Nguyen's Fifth Amendment due process rights and the Administrative Procedure Act (APA); (4) ICE's policy to remove noncitizens to a third country with no notice or opportunity to seek fear-based protection violates Nguyen's Fifth Amendment due process and constitutes arbitrary and capricious agency action; and (5) Nguyen's detention under recent ICE policy regarding third country removal violates the due process clause of the Fifth Amendment. ECF No. 9. The federal respondents filed a narrow non-opposition. ECF No. 16. Having reviewed the pleadings, I find that the petitioner's continued detention violates his Fifth Amendment due process rights and § 1231(a)(6) of the INA.

The Supreme Court has explained the provisions of § 1231(a) as follows:

> Once [a noncitizen] is ordered removed, DHS must physically remove him from the United States within a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final," (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the [noncitizen] is released from non-immigration detention or confinement.

*Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021). Under § 1231, the removal period may be extended beyond 90 days for a variety of reasons. *Id.* at 528–29. However, because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem," the Supreme Court has "read an implicit limitation" into the statute and has held that a noncitizen may only be detained for "a period **reasonably** necessary" to effectuate their removal. *Zadvydas*, 533 U.S. at 682 (emphasis added). A period reasonably necessary to bring about the noncitizen's removal

from the United States "is presumptively six months." *Johnson*, 594 U.S. at 529. When a removable noncitizen is detained beyond this reasonable time and "removal is not reasonably foreseeable, the court should hold continued detention unreasonable." *Id.* at 699. In other words, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700. Moreover, as time passes, the burden on the government increases accordingly. *See Sweid v. Cantu*, 2025 U.S. Dist. LEXIS 213969, at *10 (D. Ariz. Oct. 30, 2025).

Here, Nguyen's detention has surpassed both the 90-day and the 180-day period of presumptive reasonableness. Nguyen has been detained since approximately July 25, 2025. *See* ECF No. 9 at 5; ECF No. 11 at 3. Because Nguyen's detention surpassed this period, the burden shifts to the government. *See Barka v. Mattos*, 2025 U.S. Dist. LEXIS 264962, at *16 (D. Nev. Dec. 23, 2025) (quoting *Sweid*, 2025 U.S. Dist. LEXIS 213969, at *3) (explaining that after the expiration of six months, the detainee need only offer a valid reason why removal is unforeseeable, which the government must then disprove). Based on the federal respondents' non-opposition, they concede that relief is appropriate based on the current record because the petitioner's removability is not reasonably foreseeable. ECF No. 16.

So I find that the petitioner's removal is not reasonably foreseeable, and his continued, indefinite detention violates his due process rights. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) (explaining that when a court considers a due process claim, it may tailor relief to the specific problem that gives rise to the due process violation). Consequently, I grant the petition for writ of habeas corpus on his first two grounds of relief. Because I grant the relief under § 2241 for the reasons set forth above, I decline to address other claims on the merits, so his other requested relief is denied. I also deny as moot his motion for TRO.

IV.     Conclusion

IT IS ORDERED that the petitioner's amended petition for writ of habeas corpus [ECF No. 9] is GRANTED as set forth in this order.

IT IS FURTHER ORDERED that the respondents must immediately release the petitioner from custody, within 24-hours of this order, subject to his prior order of supervision. The respondents must provide the petitioner's counsel an estimated time of the petitioner's release.

IT IS FURTHER ORDERED that the parties must file a joint status report no later than April 28, 2026, advising their status of compliance with this order. The status report must also include the parties' position regarding whether this matter should remain open or can be closed.

IT IS FURTHER ORDERED that the petitioner's motion for a TRO [ECF No. 11] is DENIED as moot.

The Clerk of Court is kindly directed to update the docket to reflect the petitioner's correct name, Minh Van Nguyen, and to substitute Todd Blanche for Pamela Bondi.

Dated: April 21, 2026

_____
Cristina D. Silva
United States District Judge